Kinkead, J.
Plaintiff alleged that “on or about the tenth day of February, 1907, the plaintiff entered into an agreement, not in writ *430 ing, with said defendants wherein and whereby said defendants engaged the services of plaintiff for the sale of coffee, and agreed to pay said plaintiff for said services a commission of three cents per pound on all coffee that plaintiff should secure purchasers for. On or 'about the 19th day of February, 1907, plaintiff, acting under said agreement, procured for said defendants a purchaser in the person of Rowe, Schleyer & Company for 3888 pounds of coffee and did then and there sell to said Rowe, Schleyer & Company 3888 pounds of coffee,” etc.
On trial it appeared that Hammel was acting as the agent of the Gasser Coffee Company, and that the purchaser named in the pleading had entered into a written contract with the Gasser Coffee Company, and that Hammel had no right to enter into a contract to. pay any commission. The evidence of plaintiff was that Hammel had stated that he would pay him a per cent, as commission, while the defendants deny it. The court is concerned only with the claim made by plaintiff.
A motion to compel plaintiff to elect which he wished to hold, the principal or the agent, was sustained, the plaintiff electing to hold the látter.
As the petition stands plaintiff is seeking to hold defendant, Hammel, on the express contract originally declared upon. Plaintiff did not undertake to get a purchaser for Hammel. If Hammel is liable it is because he impliedly represented that he had authority to make a contract to pay commission when he had not. To warrant recovery upon a contract for recovery of commission the same must be proved as laid. But Hammel could not be held personally on the contract for commission, but only for the breach of his implied contract to pay a commission made without authority.
The joinder of the principal and agent, as was done in this case, was improper, and hence the action of the court compelling election was proper.
The joinder of the principal and agent was entirely improper, and is perhaps the cause of the difficulty.
It is fundamental that a cause of action must be founded upon a definite theory, which can not thereafter be changed or departed from.
*431 When plaintiff elected to hold Hammel individually, the theory of the cause still remaining an express contract,' recovery may not be had upon an implied contract on the theory that Hammel should be held personally liable because he had made an alleged contract in excess of his authority as an agent.
If plaintiff in the first instance had seen fit to have sued Hammel alone, he would had to have alleged different facts.
I do- not see any ground upon which the court may properly sustain the motion for a new trial. If it should do so, to be consistent the petition should be amended to conform to the theory upon which an agent may be held liable. But the statute forbids such an amendment, providing, as it does, that amendments may be made only when the same do not substantially change the claim or defense.
Rules and formulae in legal procedure must be followed and observed, so that parties called-upon to answer claims asserted against them shall definitely know what they are expected to meet. It is too late, if it turns out after trial, that a wrong theory was adopted in the action.
The well considered case of Trust Co. v. Floyd, 47 O. S., 525, furnishes the rule for this case. The theory upon which the liability of an agent when he has exceeded his authority in making a contract rests, is upon his implied promise he possesses the authority he assumes to have.
Williams, J. (page 541), observes that:
“Under our present system of pleading, it is not important what was formerly the most appropriate remedy. Upon the facts stated in the petition, the law, we think, implied a' promise on the part of the defendants, that in making the contract with the plaintiff, they had authority to bind the corporation they assumed to represent; and if they had not, they are answerable for the consequences.”
It might be urged that enough facts are now stated in order to disclose the implied obligation on the part of Hammel. But such is not the case. The petition does not state the facts as to the capacity in which Hammel acted, nor his want of authority and for whom in fact'the contract by the purchaser was made.
*432 It is true that this all appears in the evidence. But I do not believe that it was the intention under the code to be so liberal; or so loose, that we may state one case and prove another. Indeed it is just as important now as ever when remedies were afforded by the common law, because the code did not undertake to abolish the distinctions between rights and causes of action. Rules and formulae are essential to development and truth.
The law of pleading is technical and arbitrary. Our system is the accumulation of hundreds of years of experience and is the best adapted to the purpose of arriving at a speedy and just decision. Its establishment was for the purpose of facilitating the process of investigating the truth by courts of justice. The rules and formulae of the system must be uniformly enforced so as to prevent the looseness which was so common in the older systems. No rule should be more rigidly adhered to than that an action should be founded upon a definite theory, which can not be thereafter changed and departed from. To have submitted the case to the jury, after plaintiff’s election, would have been a change of theory, and a submission without proper pleading conforming to such changed theory.
The motion for a new trial is overruled, and the action is dismissed.